EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
APR 26, 2024 08:43 AM

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER STSV2024001241

Watkins, Latonya

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP, DBA Wal-Mart

**DEFENDANT**

## SUMMONS

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**James Foster**
**Foster Law LLC**
**1201 W Peachtree St NW**
**Suite 2300**
**Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of April, 2024.**

Clerk of State Court

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia



EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
APR 26, 2024 08:43 AM

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Henry County

**For Clerk Use Only**

**Date Filed** 04-26-2024 (MM-DD-YYYY) **Case Number** STSV2024001241

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Watkins, Latonya | | | | | Wal-Mart Stores East, LP | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Foster, James **Bar Number** 756038 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

Case Number ____________ Case Number ____________

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

____________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
APR 26, 2024 08:43 AM
Lynne M. Policaro
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| LATONYA WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: ______________ |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Latonya Watkins ("Plaintiff"), and hereby files this Complaint for Damages (the "Complaint") against Defendant Wal-Mart Stores East, LP ("Defendant"), showing the Court as follows:

1.

Plaintiff Latonya Watkins is a resident of the State of Georgia.

2.

Defendant Wal-Mart Stores East, LP is a foreign limited partnership organized and existing pursuant to the laws of the Delaware and, upon information and belief, is conducting business and operating, in Locust Grove, Henry County, Georgia.

3.

At times material hereto, Defendant Wal-Mart Stores East, LP occupied, operated, controlled, and managed the Wal-Mart Store 5709 located at 4949 Bill Gardner Pkwy, Locust Grove, GA 30248 (the "Premises").

4.

Defendant Wal-Mart Stores East, LP can be properly served with Summons and Complaint by serving its registered agent for service, The Corporation Company (FL), located

at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794. Accordingly, Defendant Wal-Mart Stores East, LP is a citizen of the State of Georgia for purposes of jurisdiction.

5.

Defendant Wal-Mart Stores East, LP has been properly served with process in this action.

6.

Venue is proper in Henry County because Defendant Wal-Mart Stores East, LP conducts business and operates in Henry County.

7.

Defendant Wal-Mart Stores East, LP is subject to the jurisdiction of this court.

8.

Defendant Wal-Mart Stores East, LP's officers, agents, and employees were involved in the acts and omissions which give rise to this lawsuit and committed tortious acts and omissions in the State of Georgia with respect to the Premises.

**FACTS**

9.

At all relevant times hereto and mentioned herein, Plaintiff was an invitee at the Wal-Mart Premises.

10.

On November 25, 2023, Plaintiff was attacked and sexually battered while shopping with her infant daughter and partner at the Wal-Mart Premises.

11.

At all times mentioned herein, Plaintiff was a totally innocent victim and exercised ordinary care and diligence.

12.

Prior to November 25, 2023, there had been reports of criminal and dangerous activity at the Premises and in its immediate surrounding area, about which Defendant knew.

**NEGLIGENCE AND LIABILITY**

13.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

14.

At all relevant times, Defendant owed a duty of care to Plaintiff to keep the Premises safe from dangerous and criminal acts by third parties on the Premises.

15.

Before November 25, 2023, Defendant knew that the Premises was located in a high crime area. Defendant knew of the dangerous and hazardous conditions existing on the Premises, and that said conditions were likely to result in injuries to its invitees, including Plaintiff.

16.

Defendant negligently failed to maintain an adequate policy, procedure, or system of investigating, reporting, and warning others of the aforementioned criminal activity.

17.

Before November 25, 2023, Defendant was aware of the risk of crime by third parties against invitees in situations similar to the subject incident.

18.

Before and on November 25, 2023, Defendant negligently failed to maintain, inspect, secure, patrol, and manage the Premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff. Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care to do so.

19.

Defendant negligently represented to Plaintiff and other invitees that the Premises were properly maintained and reasonably safe.

20.

Defendant negligently, recklessly, and wantonly failed to warn its invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

21.

Defendant had actual knowledge of criminal activity existing on and immediately around the Premises prior to Plaintiff being attacked and sexually battered, including prior violent and sexual crimes on or near the Premises and in the immediate area of the Premises. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

22.

Defendant negligently failed and refused to correct the circumstances giving rise to the criminal and dangerous activity by third parties.

23.

Defendant negligently failed to maintain adequate security devices or measures to control access to and permit proper use of the Premises, thereby causing an unreasonable risk of injury to its invitees, including Plaintiff.

24.

Defendant negligently failed to keep the Premises safe and failed to adequately and properly protect Plaintiff, in breach of its duty of care owed to Plaintiff.

25.

Defendant negligently failed to provide adequate security protection or security personnel on the Premises. Defendant negligently failed to establish adequate security policies and/or procedures.

26.

Defendant breached the duty owed to Plaintiff by failing to exercise ordinary care to keep the Premises safe.

27.

Upon information and belief, Defendant breached the duties owed to Plaintiff in one or more of the following ways:

a) Failure to reasonably assess the level of crime at the property;

b) Failure to develop a written security plan;

c) Failure to maintain access control;

d) Failure to maintain visible, functional, life-stream cameras;

e) Failure to deploy one or more courtesy officer(s) at the property; and

f) Failure to deploy one or more security guard(s) at the property.

28.

The subject incident was not deterred or stopped because of Defendant's failure to provide security personnel at the Premises at the relevant time and Defendant's failure to provide other reasonable security measures to protect Plaintiff and other Wal-Mart shoppers.

29.

The subject incident was not deterred or stopped because of Defendant's failure to reasonably assess the level of crime at the property and/or Defendant's failure to develop a written security plan, which presumably would have resulted in the appropriate security personnel and security measures being implemented at the Premises.

30.

Defendant negligently failed to remedy the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

31.

Defendant had express notice and knowledge of the dangerous condition of criminal and dangerous incidents that persisted over a period of time as a continuous and repetitious condition.

32.

Defendant breached the duty owed to Plaintiff by allowing and maintaining a nuisance.

33.

Defendant was negligent in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

34.

Defendant breached its duty of care owed to Plaintiff by its negligence in hiring, training, supervising, and retaining its employees working at and responsible for the Premises.

35

Defendant was and is negligent *per se*.

36.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts or omissions were the direct and proximate cause of the injuries and damages to Plaintiff.

37.

As a direct and proximate result of the negligence of the Defendant, Plaintiff was attacked and sexually battered on the Premises.

38.

Defendant is liable for the sexual battery and resulting and ongoing mental and emotional trauma suffered by Plaintiff.

**DAMAGES**

39.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

40.

As a direct and proximate result of the negligent and wrongful acts and omissions of Defendant, as set forth above, Plaintiff suffered physical injuries, endured physical and mental pain and suffering, and suffered significant emotional damages.

41.

As a direct and proximate result of Defendant's negligence and wrongful conduct, Plaintiff is entitled to recover for the injuries and damages she sustained, both economic and intangible, which are ongoing at this time, in an amount to be determined by the enlightened conscience of the jury and as proven at trial.

42.

Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendant and its agents were willful and wanton, and showed an entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is accordingly entitled to recover punitive damages, without limitation or cap, from Defendant, in accordance with the enlightened conscience of an impartial jury.

43.

Defendant's actions evidence a species of bad faith, was and is stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis providing for attorney's fees and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

i. That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

ii. That service be had upon Defendant as provided by law;

iii. That the Court award and enter a judgment in favor of Plaintiff and against Defendant for special, general and punitive damages in an amount to be proven at trial;

iv. That Plaintiff has a trial by a jury as to all issues; and

v. That Plaintiff has such other and further relief as the Court may deem just and proper.

This 26th day of April, 2024.

Respectfully submitted,

*/s/ James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Fax: (404) 293-2322
james@foster-law.com

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
MAY 29, 2024 10:46 AM
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LATONYA WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. STSV2024001241 |

**WAL-MART STORES EAST, LP'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant WAL-MART STORES EAST, LP ("Defendant") hereby files its Answer and Defenses to Plaintiff's Complaint for Damages, showing the Court as follows:

**First Defense**

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against Defendant upon which relief may be granted.

**Second Defense**

Defendant breached no duty owed to Plaintiff.

**Third Defense**

Plaintiff may not recover against Defendant because no act of omission of Defendant was the legal cause or proximate precipitating cause of Plaintiff's alleged injuries and damages.

**Fourth Defense**

Defendant denies that it is subject to any award of punitive damages in this case. Further, any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

**Fifth Defense**

Plaintiff seeks punitive damages in this case. Defendant contends that there will not be evidence sufficient to create a jury issue on punitive damages, but also contends any award of punitive damages in this case may be unconstitutional. The award of punitive damages pursuant to O.C.G.A. §51-12-5.1 and the application of O.C.G.A. §51-12-5.1 in this case violates Amends. V and XIV of the United States Constitution and the Constitution of the State of Georgia Art. I, §I, Paragraphs I, XVII and XVIII for the following reasons, among others:

A. The statute, and the court decisions interpreting this statute, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages, and they fail to limit the award of punitive damages to criminal or intentional behavior;

B. The statute, and the court decisions interpreting this statute, fail to inform judges and juries of the nature of the offenses for which punitive damages can be awarded;

C. The statute, and the court decisions interpreting this statute, fail to provide any standard or means of calculating the amount of punitive damages to be awarded;

D. The statute, and the court decisions interpreting this statute, allow persons to be repeatedly put in jeopardy of paying for the same offense;

E. To the extent the award of punitive damages is criminal or quasi-criminal in nature, such damages are awarded upon proof of clear and convincing evidence and not proof beyond a reasonable doubt, contrary to due process of law;

F. The statute, and the court decisions interpreting this statute, permit the award of excessive punitive damages without relation to the public safety, health or welfare said to be served by punitive damages.

**Sixth Defense**

Defendant states that no act or omission on the part of Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

**Seventh Defense**

Defendant denies that it is liable for negligence *per se* and strictly places the burden of proof on Plaintiff to establish any violation of a legal duty owed to Plaintiff.

**Eighth Defense**

Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

**Ninth Defense**

Pending additional investigation and discovery, Defendant had no actual or constructive knowledge of any person on the premises presented a danger or hazard to Plaintiff.

**Tenth Defense**

Plaintiff's damages, if any, were caused by the unforeseeable, intervening acts or omissions of her alleged third-party assailant, none of which were foreseeable to Defendant.

**Eleventh Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**Twelfth Defense**

Plaintiff is not entitled to attorney's fees under the facts of this case.

**Thirteenth Defense**

Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

**Fourteenth Defense**

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

1.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.

Admitted.

3.

Admitted.

4.

Defendant admits that it can be serviced through its registered agent, The Corporation Company (FL) located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. Defendant denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.

Admitted.

6.

Defendant admits that venue is proper in Henry County, Georgia. Defendant denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.

Admitted.

8.

Denied.

9.

Admitted.

10.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies that it had knowledge of any incidents occurring on the Premises that were similar or substantially similar to that involving Plaintiff as alleged in the Complaint. Responding further, Defendant states that, at this time, is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant incorporates its responses to the numbered paragraphs of Plaintiff's Complaint set forth above as if fully set forth herein.

14.

Denied as pled. Defendant states that duties are set by law and deny that Plaintiff has set forth an accurate and complete description of the law of Georgia in Paragraph 14 of Plaintiff's Complaint.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Defendant incorporates its responses to the numbered paragraphs of Plaintiff's Complaint set forth above as if fully set forth herein.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Defendant denies that Plaintiff is entitled to any of the relief sought in her "Prayer for Relief" located immediately after paragraph 43 in the Complaint, including sub-parts (i) through (v), with the exception of sub-part (iv).

45.

Defendant denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 29th day of May, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/ John C. Patton*
Michael L. Miller
Georgia Bar No. 508011
John C. Patton
Georgia Bar No. 567232
Nicholas A. Bacon
Georgia Bar No. 502192

303 Peachtree St., NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
pattonj@deflaw.com
baconn@deflaw.com

*Information Required Pursuant to Rule 36.4*
Parties: Latonya Watkins v. Wal-Mart Stores East, LP
Case No.: STSV2024001241
Document: Wal-Mart Stores East, LP's Answer and Defenses to Plaintiff's Complaint

## CERTIFICATE OF SERVICE

This is to certify that I have this day served, via e-filing with the Court's e-filing system, a true and correct copy of the foregoing ***Wal-Mart Stores East, LP's Answer and Defenses to Plaintiff's Complaint for Damages*** on the following counsel of record, addressed as follows:

James Z. Foster
FOSTER LAW LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

This 29th day of May, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/ John C. Patton*
John C. Patton
Georgia Bar No. 567232

303 Peachtree St., NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
pattonj@deflaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
JUL 09, 2024 06:55 PM
Lynne M. Policaro
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LATONYA WATKINS, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO.: STSV2024001241 |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

This is to certify that, pursuant to Uniform State Court Rule 5.2, due and legal service pursuant to O.C.G.A. § 9-11-5, of the foregoing:

- *PLAINTIFF LATONYA WATKINS' OBJECTIONS & RESPONSES TO DEFENDANT WAL-MART STORES EAST, LP'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF*
- *PLAINTIFF LATONYA WATKINS' OBJECTIONS & RESPONSES TO DEFENDANT WAL-MART STORES EAST, LP'S FIRST INTERROGATORIES TO PLAINTIFF*
- *PLAINTIFF LATONYA WATKINS OBJECTIONS & RESPONSES TO DEFENDANT WAL-MART STORES EAST, LP'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF*

has been made upon all counsel of record by email and/or United States First Class Mail, postage prepaid, addressed as follows:

Michael L. Miller
John C. Patton
Nicholas A. Bacon
DREW ECKL & FARNHAM, LLP
303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
millerm@deflaw.com
pattonj@deflaw.com
baconn@deflaw.com

This 9th day of July, 2024.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree Street, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
MAY 29, 2024 10:46 AM
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LATONYA WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. STSV2024001241 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 5.2 CERTIFICATE OF DISCOVERY**

Defendant Wal-Mart Stores East, L.P. by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on May 29, 2024, opposing counsel was duly served with a copy of the following:

- Defendant's First Request for Admissions to Plaintiff;
- Defendant's First Request for Production and Notice to Produce to Plaintiff; and
- Defendant's First Interrogatories to Plaintiff

Said documents were sent to all parties by electronic mail service as follows:

James Z. Foster
FOSTER LAW LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

Respectfully submitted this 29th day of May, 2024.

**DREW, ECKL & FARNHAM, LLP**

/s/ *John C. Patton*
Michael L. Miller
Georgia Bar No. 508011
John C. Patton
Georgia Bar No. 567232

Nicholas A. Bacon
Georgia Bar No. 502192
*Attorneys for Defendant*

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
pattonj@deflaw.com
baconn@deflaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I served a copy of the foregoing document upon opposing counsel of record via Statutory Electronic Service to the following:

James Z. Foster
FOSTER LAW LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

Respectfully submitted this 29th day of May, 2024.

**DREW, ECKL & FARNHAM, LLP**

/s/ *John C. Patton*
John C. Patton
Georgia Bar No. 567232
*Attorneys for Defendant*

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
pattonj@deflaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024001241
SNK
AUG 02, 2024 10:53 AM
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| LATONYA WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. STSV2024001241 |

**DEFENDANT'S RULE 5.2 CERTIFICATE**

Pursuant to State Court Uniform Court Rule 5.2, I served a copy of Request for Production of Documents to Non-Parties (1) HIPAA to Atlanta Psychotherapy; (2) HIPAA to Adelman Psychological Services; (3) My OB/GYN PC; (4) Piedmont Henry Hospital; (5) Southern Regional Medical Center via statutory electronic service and/or United States Mail addressed to:

James Z. Foster
FOSTER LAW LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

Respectfully submitted this 2nd day of August, 2024.

**DREW, ECKL & FARNHAM, LLP**

/s/ *Nicholas A. Bacon*
Michael L. Miller
Georgia Bar No. 508011
John C. Patton
Georgia Bar No. 567232
Nicholas A. Bacon
Georgia Bar No. 502192
*Attorneys for Defendant*

303 Peachtree Street, N.E.
Suite 3500

Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
pattonj@deflaw.com
baconn@deflaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I served a copy of the foregoing document upon opposing counsel of record via Statutory Electronic Service to the following:

James Z. Foster
FOSTER LAW LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

Respectfully submitted this 2nd day of August, 2024.

**DREW, ECKL & FARNHAM, LLP**

/s/ *Nicholas A. Bacon*
Nicholas A. Bacon
Georgia Bar No. 502192
*Attorney for Defendant*

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
baconn@deflaw.com